UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI-SHAMIRZADI,                               No. 11-15351 TA

    Debtor.

## MEMORANDUM OPINION

This matter came before the Court for a final hearing on confirmation of the debtor's plan of reorganization. For the reasons set forth below, the Plan is not confirmable.

### I. FACTS

The Court finds the following facts:[1]

The debtor Nancy Akbari-Shamirzadi (the "Debtor") filed a plan of reorganization (the "Plan") on August 13, 2014, doc. 207.

The Court approved Debtor's disclosure statement on August 15, 2014 and the Plan was sent to creditors for voting.[2]

---

[1] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

[2] At the same time a competing plan, filed by the Estate of Jacoby, was sent out for voting.

The Plan has six classes of claims:

| Class | Description | Impaired/Unimpaired |
|---|---|---|
| Class 1 | Secured Claims | Impaired |
| Class 2 | Priority Claims | Not specified |
| Class 3 | Small general unsecured claims (less than $10,000) | Impaired |
| Class 4 | Estate of Jacoby claim | Asserts that the claim is unimpaired, but in fact the claim is impaired |
| Class 5 | General unsecured claims | Impaired |
| Class 6 | Debtor's interest in the estate | Unimpaired |

After balloting and solicitation of votes, the Debtor received only one vote on her Plan: DB Servicing Corp (for Discover credit cards), the holder of a $15,017.13 Class 5 claim, voted against the Plan.

In her Schedule F, the Debtor listed 32 general unsecured claims, totaling $1,176,335.18. These can be broken down as follows:

| Class | Number of creditors | Total claim amount |
|---|---|---|
| Class 3 | 22 | $36,375.21 |
| Class 4 | 1 | $866,000 |
| Class 5 | 9 | $273,959.97 |

The Estate of Jacoby did not vote but objected to the Plan.

## II.    DISCUSSION

A Chapter 11 plan of reorganization can be confirmed only if all of the requirements of § 1129(a)[3] are met. Section 1129(a). Among the requirements is § 1129(a)(10):

> If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including the acceptance of the plan by any insider.

---

[3] Unless otherwise noted, all statutory references are to 11 U.S.C.

-2-

Case 11-15351-t11    Doc 257    Filed 10/22/14    Entered 10/22/14 17:35:08 Page 2 of 8

Debtor argues that creditors in an impaired class that did not vote on the Plan or object to the Plan are deemed to have accepted the Plan. In support of this position Debtor cites *In re Ruti- Sweetwater,* 836 F.2d 1263, 1267 (10th Cir. 1988). Based on this argument, Debtor asserts that Classes 3 and 5 are deemed to have accepted the Plan, so the requirement of § 1129(a)(10) has been satisfied.

      A.      The *Ruti-Sweetwater* Decision.

In *Ruti-Sweetwater,* the Tenth Circuit addressed whether a creditor could attack a confirmed plan of reorganization as not complying with the § 1129(b) "cramdown" requirements even if the creditor had not voted on or objected to the plan. The Court held that the creditor was prohibited from such an *ex post facto* attack:

> The Heins were one of eighty-three separate classes of secured creditors and one of twenty separate classes of secured creditors who opted not to vote during the confirmation hearings. None of the secured creditors who appeared at the June 8, 1984, confirmation hearings voiced an objection to the bankruptcy court's finding that the "non-voted creditors will be deemed to have accepted [the plan] for the purpose of the cram down provisions." Since the Heins did not object to the Plan at any time prior to its confirmation and because the Heins unilaterally opted not to vote on the confirmation of the Plan, the bankruptcy court did not err in presuming their acceptance of the Plan for purposes of § 1129(b).
>
> Once acceptance was properly presumed, the court was not obligated to inquire as to whether the Plan discriminated unfairly or was not fair and equitable to the Heins under § 1129(b)(1). When the Heins failed to object to the Plan, they waived their right to challenge the Plan or to assert, after the fact, that the Plan discriminated unfairly and was not fair and equitable.

836 F.2d at 1267-68.

*Ruti-Sweetwater* has been criticized by other courts, which have held that "acceptance" under § 1129(a)(8) requires an affirmative vote in favor of the plan. *See, e.g., In re Castaneda,* 2009 WL 3756569 (Bankr. S.D. Tex. 2009) ("acceptance" is defined the same for § 1129(a)(8) and (a)(10), and requires an affirmative vote); *In re Vita Corp.,* 358 B.R. 749, 750 (Bankr. C.D.

-3-

Case 11-15351-t11    Doc 257    Filed 10/22/14    Entered 10/22/14 17:35:08 Page 3 of 8

Ill. 2007), affirmed, 380 B.R. 525 (C.D. Ill 2008); *In re M. Long Arabians,* 103 B.R. 211 (9th Cir. BAP 1989); *In re Eagle–Picher Industries, Inc.,* 203 B.R. 256 (S.D. Ohio 1996); *In re Westwood Plaza Apartments, Ltd.,* 192 B.R. 693 (E. D. Tex. 1996); *In re M. Long Arabians,* 103 B.R. 211 (9th Cir. BAP 1989); *In re Smith,* 357 B.R. 60 (Bankr. M.D.N.C. 2006); *In re Jim Beck, Inc.,* 207 B.R. 1010 (Bankr. W.D. Va. 1997), affirmed, 214 B.R. 305 (W.D. Va. 1997), affirmed, 162 F.3d 1155 (4th Cir. 1998); *In re Higgins Slacks Company,* 178 B.R. 853 (Bankr. N.D. Ala. 1995); *In re 7th Street and Beardsley Partnership,* 181 B.R. 426 (Bankr. D. Ariz. 1994); *In re Adkisson Village Apartments of Bradley County, Ltd.,* 133 B.R. 923 (Bankr. S.D. Ohio 1991); *In re Friese,* 103 B.R. 90 (Bankr. S.D.N.Y. 1989); *In re Townco Realty, Inc.,* 81 B.R. 707 (Bankr. S.D. Fla. 1987). The bankruptcy court in *Vita Corp.* said

> The result reached by the Tenth Circuit in *Ruti-Sweetwater* has been roundly criticized. *See,* 7 COLLIER ON BANKRUPTCY ¶ 1129.03[8] n. 152 (15th ed.rev.); *In re Higgins Slacks Co.,* 178 B.R. at 856–57 (characterizing *Ruti-Sweetwater* as result oriented). *See, also,* 3 NORTON BANKRUPTCY LAW AND PRACTICE § 49.04 (1981) (departing from prior practice under the Bankruptcy Act where a failure to vote was counted as a rejection, under the Code classes of claims must vote in order to register acceptance or rejection).

358 B.R. at 751.

*Ruti-Sweetwater* does have some support outside of the Tenth Circuit. For example, in *In re Adelphia Communications Corp.,* 368 B.R. 140, 261 (Bankr. S.D.N.Y. 2007), Judge Gerber said:

> I recognize that some cases and commentators have criticized and distinguished *Ruti-Sweetwater* [footnote omitted] including one decision in this Court, [footnote omitted] although under dramatically different facts. But *Ruti-Sweetwater* is the only authority at the Circuit Court of Appeals level. And more importantly, I think *Ruti-Sweetwater* is rightly decided, especially in a situation like that one (and here), where dozens of classes vote, where the effect of not voting is announced in advance, and everyone else's will would be burdened by those who simply don't vote at all. Regarding non-voters as rejecters runs contrary to the Code's fundamental principle, and the language of section 1126(c), that only those

actually voting be counted in determining whether a class has met the requirements, in number and amount, for acceptance or rejection of a plan, [footnote omitted] and subjects those who care about the case to burdens (or worse) based on the inaction and disinterest of others. A holding to the contrary would mean that a failure to vote isn't relevant in a case where *anyone* else in that class votes, but is enough to force cramdown if the lack of interest in that class is so extreme that nobody at all chooses to vote, one way or the other. As Mr. Mabey, debtors' counsel in *Ruti-Sweetwater* successfully argued in *Ruti-Sweetwater* [footnote omitted] that cannot be the law. Section 1126(c) recognizes the unlikelihood of everyone caring enough about the plan to vote—basing acceptances not on the total claims in the class, but only those voting. [footnote omitted] And that is a principle upon which the bankruptcy community often relies, as creditor democracy could otherwise be frozen as a consequence of the disinterest of others. On a matter where the Code is essentially silent, making an exception to the principle of section 1126(c)—that only votes actually cast count—makes no sense. [footnote omitted]

368 B.R. at 261-62. *See also In re Accuride Corp,* 2010 WL 5093173, at \*6 (Bankr. D. Del. 2010) (citing and following *Ruti-Sweetwater* and *Adelphia*).

This Court agrees with Judge Gerber that *Ruti-Sweetwater* sets out a prudent, pragmatic rule of law, consistent with § 1126(c).

B.  Acceptance under § 1129(a)(10) Requires an Affirmative Vote.

*Ruti-Sweetwater* approved the concept of "deemed acceptance" for § 1129(a)(8)/§ 1129(b) purposes. *Ruti-Sweetwater* does not hold, however, and has never been considered to hold, that a plan proponent can satisfy § 1129(a)(10) through "deemed acceptance." That is the interpretation Debtor urges in this case, but that interpretation is wrong.

The Tenth Circuit in *Ruti-Sweetwater* was careful to distinguish between a "deemed acceptance" for § 1129(a)(8)/"cramdown" purposes and the requirement of "actual acceptance" under § 1129(a)(10):

> Although actual acceptance of a plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation of a plan under § 1129(a)(10), *Hanson v. First Bank of South Dakota, N.A.,* 828 F.2d 1310, 1313 (8th Cir. 1987), not every creditor is obligated to vote on a plan. Nothing in the Bankruptcy Act requires that each creditor votes on a plan prior to its confirmation; rather,

> § 1126(a) provides only that a creditor "may accept or reject a plan." Furthermore, whereas the former Bankruptcy Act (*see* H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 410 (1977)) provided that a failure to vote was considered a rejection of the plan, the present Bankruptcy Act does not indicate whether a failure to vote, such as here, is deemed to be an acceptance or rejection of the plan.

836 F.2d at 1268.

The requirement of "actual acceptance" under § 1129(a)(10) is the law in the Tenth Circuit and elsewhere. *Id. See also In re Polytherm Industries, Inc.*, 33 B.R. 823, 835–36 (W.D. Wisc. 1983) (§ 1129(a)(10) requires the affirmative acceptance of at least one impaired class of creditors); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 431 (S.D. Tex. 2009); *In re Gagel & Gagel,* 30 B.R. 627, 630 (Bankr. S.D. Ohio 1983) (§1129(a)(10) requires the affirmative acceptance of at least one class of creditors); *In re Rolling Green Country Club,* 26 B.R. 729 (Bankr. D. Minn. 1982); *In re Pine Lake Village Apartment Co.,* 21 B.R. 478 (Bankr. S.D.N.Y. 1982). *See generally In re Digital Impact, Inc.,* 223 B.R. 1, 7 (Bankr. N.D. Okla. 1998) (declining to extend *Ruti-Sweetwater* to § 1129(a)(9)).

      C.    <u>"Deemed Acceptance" Does Not Apply in Classes Where a Creditor Voted</u>.

Furthermore, *Sweetwater* makes clear that the "deemed acceptance" concept only applies if no members of a class vote:

> Accordingly, if any creditor in a class votes, any other creditors in that class who fail to vote are entirely disregarded for the purpose of determining whether the class has accepted or rejected the plan. The presumption under the prior law that non-voting creditors rejected the plan has been removed. Non-voting creditors are deemed neither to have accepted the plan nor rejected it; they are simply bound by the result produced by those who vote. The necessity of deeming a failure to vote as either an acceptance or a rejection of a plan arises only when [as here] no members of a class cast a vote.

836 F.2d at 1265 (quoting the district court's ruling that was affirmed by the *Sweetwater* court). *See also In re Trenton Ridge Investors, LLC,* 461 B.R. 440, 457 (Bankr. S.D. Ohio 2011)

(quoting the above-cited language with approval). Here, one general unsecured creditor voted to reject the Plan. In such a situation, only the voting creditor's position is considered. The Debtor cannot rely on *Ruti-Sweetwater* to "outvote" Discover's actual rejection of the Plan with deemed acceptances from nonvoting creditors.

In view of the requirements of § 1129(a)(10), the Debtor's Plan cannot be confirmed because it was not actually accepted by at least one impaired class.

D. Other Problems with the Plan.

There are a number of other problems with the Plan. First, the Plan provides that the Estate of Jacoby's claim is unimpaired, when it is obvious that the claim is impaired. Because of the incorrect assertion about impairment, the Estate of Jacoby was not given the chance to vote.[4]

Second, there is no provision for treating Class 2 priority claims. If any priority claims were filed, it would be impossible to know how they would be paid.

Third, the treatment of administrative expenses is contrary to the requirement of § 1129(a)(9)(A) that the expenses be paid in full on the effective date. The Plan provides that administrative expense claims would be paid from the net proceeds of estate property that is to be sold.

These additional problems also render the Plan unconfirmable on its face.

---

[4] There is also the question whether the unsecured claim of the Estate of Jacoby was put in a separate class for improper "gerrymandering" purposes. *See, e.g., In re Deming Hospitality, LLC,* 2013 WL 1397458, at *3 (Bankr. D.N.M. 2013) ("one clear rule" that has emerged from the case law on claim classification is "[T]hou shalt not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan"). There appears to be no justification for the separate classification, and the proposed treatment is identical with general unsecured claims. This is a fact issue, however, so the apparent gerrymandering does not render the Plan unconfirmable on its face. *Id.*

-7-

Case 11-15351-t11    Doc 257    Filed 10/22/14    Entered 10/22/14 17:35:08 Page 7 of 8

III.  CONCLUSION

Confirmation of the Debtor's Plan must be denied. The Court will enter a separate order consistent with this memorandum opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 22, 2014

Copies to:

Nancy Akbari Shahmirzadi
540 North Mesquite Street
Las Cruces, NM 88001

Bonnie Bassan Gandarilla
3800 Osuna Road NE, Ste. #2
Albuquerque, NM 87109

Alice N. Page
P.O. Box 608
Albuquerque, NM 87103